**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
>    *Plaintiff-Appellee,*

v.

No. 02-4009

RICARDO LAMONT RAY,
>    *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Jerome B. Friedman, District Judge.
(CR-01-139)

Submitted: June 24, 2002

Decided: July 18, 2002

Before WIDENER, MICHAEL, and TRAXLER, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

**COUNSEL**

Paul A. Driscoll, PENDER & COWARD, P.C., Virginia Beach, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Joseph E. DePadilla, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Pursuant to a valid plea agreement, Ricardo Lamont Ray pled guilty to possession with intent to distribute cocaine, in violation of 21 U.S.C.A. § 841(a)(1) (West 1999). Ray received a seventy-two month prison term. Ray's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Counsel states that there are no meritorious grounds for appeal but raises two issues: (1) whether Ray waived his right to an appeal; and (2) whether the district court erred applying the sentencing guidelines. Ray has also filed a supplemental pro se brief raising additional issues. We dismiss the appeal based upon Ray's waiver of appellate rights contained in his plea agreement.

A defendant whose plea agreement contains an express waiver of the right to appeal may not appeal his sentence unless the waiver is shown to be unknowing or involuntary. *United States v. Brown*, 232 F.3d 399, 403 (4th Cir. 2000); *see also United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992). Ray's plea agreement contained a waiver of appellate rights. Our review of the plea agreement and the record of the plea colloquy reveal that Ray's waiver was knowing and voluntary. The sentence did not exceed the statutory maximum penalty, and there is no evidence that it was based on a constitutionally impermissible factor. *Marin*, 961 F.2d at 496. Moreover, the sentence was not imposed pursuant to proceedings conducted in violation of Ray's right to counsel. *United States v. Attar*, 38 F.3d 727, 732-33 (4th Cir. 1994). We therefore dismiss his appeal.

As required by *Anders*, we have reviewed the record and conclude that there are no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented

in the materials before the court and argument would not aid the decisional process.

*DISMISSED*